## In re 650 FIFTH AVENUE AND RELATED PROPERTIES,

**United States of America, Plaintiff–Appellee,**

**Steven M. Greenbaum, et al., Claimants–Appellees,**

v.

**Sohrab Vahabzadeh, et al., Claimants–Appellants.**

**No. 13–3948–cv.**

United States Court of Appeals, Second Circuit.

Oct. 22, 2014.

---

Ira Stephen Sacks, M. Darren Traub, and Kimberly J. Linkletter, Akerman LLP, New York, NY, for Claimants–Appellants.

Michael D. Lockhard, Martin S. Bell, and Brian A. Jacobs, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Plaintiff–Appellee.

Curtis C. Mechling, James L. Bernard, Benjamin Weathers–Lowin, and Monica Hanna, Stroock & Stroock & Lavan LLP, New York, NY, for Claimants–Appellees.

PRESENT: DENNIS JACOBS, ROBERT D. SACK, and CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Claimants-appellants Sohrab Vahabzadeh, the Djhanbani Family Members, the Khosrowshahi Family Members, and the Khoshkish Family Members appeal from the judgment of the United States District Court for the Southern District of New York (Forrest, J.), dismissing their claims for lack of Article III standing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This appeal arises out of a civil forfeiture proceeding brought by the United States government (the "Government") against the right, title, and interest of Assa Corporation, Assa Company Limited, Alavi Foundation, and 650 Fifth Avenue Company in the building located at 650 Fifth Avenue, New York, New York, and various related assets and properties (collectively, the "Defendant Properties"). The Appellants filed notices of claim to the Defendant Properties premised on allegations that their properties in Iran were unlawfully seized by the Iranian government during the 1979 Iranian Revolution, "commingled," and used to commit the acts alleged in the Government's forfeiture complaint.

For Article III standing, a party must have "suffered an injury in fact ... [that is] fairly trace[able] to the challenged action of the defendant, and ... [that] will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and internal quotation marks omitted). "In determining standing to challenge a forfeiture, we look to ownership and possession because they are often reliable indicators of injury that occurs when property is seized." *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 527 (2d Cir.1999). However, "we have been careful to acknowledge that while ownership and possession generally may provide evidence of standing, it is the injury to the party seeking standing that remains the ultimate focus." *Id.* A claimant that is neither an owner nor a possessor of the property may nevertheless suffer "a distinct and palpable injury" from the forfeiture if it has a "financial stake" in the property to be forfeited. *Id.* at 527–28 (citation and internal quotation marks omitted). However, a party that holds no more than a claim against the owner or possessor lacks standing to challenge a property forfeiture. *Id.* at 528–29. Such a party's remedy is limited to suit against the owner or possessor. *Id.*

The principles articulated in *Cambio Exacto* squarely support the district court's finding that the Appellants lack Article III standing. They have articulated no reason why the seizure of their properties in Iran would lead to their obtaining a *property* interest in the Defendant Properties.[2] At

2. The Appellants fault the district court for failing to take as true their allegations that the

most, the Appellants have a claim against the Iranian government for illegally seizing their properties in Iran.[3] As *Cambio Exacto* makes clear, that is not enough to confer Article III standing to challenge forfeiture.

The Appellants argue that the facts they have alleged support the existence of a "constructive trust" under New York law. They are mistaken. As we explained in *Torres v. $36,256.80 U.S. Currency,* 25 F.3d 1154, 1158 (2d Cir.1994):

> A constructive trust arises under New York State law when one person in a confidential relationship with another transfers property in reliance on the transferee's promise to reconvey the property; if the promise is breached and unjust enrichment results, a constructive trust is imposed on the property in the transferor's favor.

Although a failure to satisfy each of these four factors does not bar the imposition of a constructive trust, *see Simonds v. Simonds,* 45 N.Y.2d 233, 408 N.Y.S.2d 359, 380 N.E.2d 189, 194 (1978), it does counsel against it. The Appellants' affirmative allegation that the Iranian government unlawfully seized property forecloses a claim that the Appellants "transfer[red] property [to the Iranian government] in reliance on the transferee's promise to reconvey the property." Absent a promise to recon-vey, there could not have been a breach. The Appellants also fail to allege the existence of a confidential relationship. Finally, as the district court pointed out, even if the Appellants could allege the existence of a constructive trust, that trust would be imposed only on the properties seized in Iran, not on the Defendant Properties.

The Appellants further argue that the district court abused its discretion by not giving them an opportunity to amend their complaint. "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Philip Morris Cos., Inc.,* 470 F.3d 481, 491 (2d Cir.2006). The Appellants have articulated no additional facts they could plead that would overcome the standing defect identified by the district court. Accordingly, leave to amend would be futile.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

Iranian government "commingled" the properties seized in Iran and used those properties to "maintain" the Defendant Properties. This criticism misses the mark. The district court's decision was based on the Appellants' failure to articulate any legal theory of *"how* they have any interest in the [Defendant] Properties" as a result of the alleged commingling, not the district court's refusal to posit that commingling in fact took place.

**3.** As a group of claimants-appellees (the "Greenbaum Claimants") point out, it is doubtful that the Appellants could bring any such claims in United States courts. The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.,* strips United States courts of jurisdiction to adjudicate claims against foreign sovereigns unless a statutory exception applies. A claim that the Iranian government unlawfully expropriated property of its own nationals does not appear to fall under any of those exceptions.